NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0188n.06
Filed: March 15, 2005

No. 03-4559

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JAMES M. FUNK, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: RYAN and COOK, Circuit Judges; BELL, District Judge.[*]

COOK, Circuit Judge. James Funk appeals his conviction and sentence for conspiring to

possess with intent to distribute a controlled substance. For the following reasons, we affirm his

conviction, but vacate his sentence and remand for resentencing.

I

A grand jury indicted Funk and seven others for conspiring to possess with intent to distribute

controlled substances. The indictment charged that the defendants, from 1998 through the 2002

indictment date, obtained substantial quantities of cocaine and marijuana "from the David Trinidad

---

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western District
of Michigan, sitting by designation.

Gonzalez organization, as well as sources in Texas and Chicago, [to] be distributed in the Marion, Ohio area."  Of the eight defendants, only Funk went to trial; the rest pleaded guilty.

At trial, the court admitted testimony of Funk's drug dealing, not only from 1998 through 2002, but also in several years leading up to the conspiracy period.  Much of the pre-1998 conduct involved Funk and individuals not named in the indictment, and transportation of drugs from Florida and Texas to Ohio.  When admitting testimony on pre-1998 events, the judge consistently reminded the jury that Funk was "only on trial for what is charged in the indictment"—a reminder with which Funk's attorney expressed satisfaction.

Funk now argues that the district court effected a prejudicial variance from the indictment by admitting evidence of his receipt of drugs from sources other than those listed in the indictment; that the court prejudiced him by admitting evidence of pre-1998 conduct; and that the court unlawfully sentenced him in light of *United States v. Booker*, 125 S. Ct. 738 (2005).  We conclude that the court properly admitted the evidence of other sources and pre-1998 conduct, and that Funk's sentence, though imposed under the now-advisory Sentencing Guidelines, does not warrant vacation.

II

Funk argues that the district court constructively amended, or effected a prejudicial variance from, the indictment by admitting evidence of a conspiracy involving Florida drug sources.  We disagree.

We recognize two forms of modifications to indictments: amendments and variances. Amendments occur when a prosecutor or court alters—literally or in effect—an indictment's terms after the grand jury has issued it. Amendments are prejudicial per se and warrant reversal. *United States v. Combs*, 369 F.3d 925, 935 (6th Cir. 2004). Variances, however, occur when an indictment's charging terms are not altered, but the evidence at trial proves facts materially different from those in the indictment. A variance is not reversible error unless a defendant can prove it prejudiced his defense. *Id.* at 935-36. Between these distinctions lies "constructive amendment," in which an "indictment's terms are effectively altered by the presentation of evidence and jury instructions that so modify essential elements of the offense charged that there is a substantial likelihood the defendant was convicted of an offense other than that charged in the indictment." *Id.* at 936 (internal quotation marks, citations, and alterations omitted).

Although Funk claims the evidence here "resulted in an amendment of the indictment" (i.e., a constructive amendment), he seems to really argue that a variance occurred. Indeed, this is the only argument he can make, because he does not allege that an improper jury instruction modified the essential elements of his crime. Thus, the critical questions are whether the evidence at trial proved facts materially different from those alleged in the indictment, and if so, whether Funk has proven that this prejudiced him.

Funk does not show that the facts proven at trial materially differed from those the indictment alleged. As Funk observes, some witnesses testified that he received drugs from Florida, while the indictment alleged that the relevant drugs were from "the David Trinidad Gonzalez organization, as

well as sources in Texas and Chicago." But the source of drugs is not a material element of a drug-conspiracy charge. The essence of the charged conspiracy was that Funk and others conspired to possess controlled substances with intent to sell them in Marion, Ohio, from 1998 until the indictment date, in violation of 21 U.S.C. § 841(a). The evidence at trial showed this, and that at least some of the drugs Funk possessed with intent to distribute during the conspiracy period came from Chicago and the David Trinidad Gonzalez organization. Therefore no material variance occurred. *See United States v. Wilson*, 116 F.3d 1066, 1089 (5th Cir. 1997) (variance immaterial where indictment charged crack possession but evidence showed cocaine-hydrochloride possession, because form of cocaine not a material element); *United States v. Turner*, 975 F.2d 490, 494 (8th Cir. 1992) (variance immaterial where time of the crime varied between indictment and evidence at trial, because the time of the conspiracy was not a material element).

Further, we consider the indictment's failure to name individuals who provided drugs from Florida irrelevant. The indictment charged a conspiracy between the defendants and others "both known and unknown to the Grand Jury." Funk's involvement with Florida-based suppliers was not a conspiracy separate from that charged in the indictment—it was part of the *same* conspiracy to sell drugs in Marion.

III

We agree with Funk that at least some of the pre-conspiracy evidence admitted below was not, as the district court held, background evidence inextricably intertwined with the charged

conspiracy. For example, Funk's drug deliveries in 1994 and 1995 for an Anthony Smith seem

distantly, if at all, related to his 1998 conspiracy with others. But we nonetheless decline to reverse.

When it allowed such evidence, the court reminded the jury, with Funk's counsel's approval, that

Funk was "only on trial for what is charged in the indictment," and that they could consider the

evidence only "to show the relationship between various individuals." Further, as we have noted

above, ample other evidence showed that Funk conspired to possess with intent to distribute drugs

during the conspiracy period. We therefore conclude that any error in admitting evidence of pre-

conspiracy activities was harmless. *See United States v. Galindo*, 95 Fed.Appx. 160, 163 (6th Cir.

2004) (judge's instruction and evidence of charged conspiracy rendered admission of improper pre-

conspiracy evidence harmless error).


IV


Finally, Funk urges us to remand for resentencing in accordance with the Supreme Court's

recent decision in *United States v. Booker*. Because Funk failed to raise this objection below, we

review for plain error. *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005).

Funk argues that, in light of *Booker*, his sentence violated the Sixth Amendment because the

court enhanced it based upon three facts allegedly not found by the jury: (1) that Funk was at least

eighteen years old at the time of the offense; (2) that the instant conviction was a felony that is either

a crime of violence or a controlled-substance offense; and (3) that Funk had at least two prior felony

convictions of either a crime of violence or a controlled-substance offense. First, the jury's failure

to find Funk's age was not plain error because Funk does not deny that he was at least eighteen when he committed his crime. *See United States v. Pittman*, 388 F.3d 1104, 1109-1110 (7th Cir. 2004). Second, the jury *did* find the instant conviction to be a controlled-substance felony because it convicted Funk of conspiracy to possess with intent to distribute a controlled substance, a felony. Finally, the jury need not have found Funk's prior convictions beyond a reasonable doubt, because prior convictions are exempt from *Booker*'s fact-finding requirements. *Booker*, 125 S. Ct. at 756.

But our analysis does not end there. In sentencing Funk, the district court erroneously applied the Sentencing Guidelines as if they were mandatory. Moreover, the error was prejudicial because the judge sentenced Funk to the bottom of his Guideline range and stated that he believed this sentence was "too severe." *See Barnett*, 398 F.3d at 527–28 (presuming prejudice in the absence of explicit record evidence to the contrary). Such erroneous, prejudicial sentencing warrants exercise of our discretion to correct plain error because it seriously affects the fairness, integrity, and public reputation of judicial proceedings. *Id.* at *12.

V

For the foregoing reasons, we affirm Funk's conviction, but vacate his sentence and remand for resentencing.